FELICIA GALATI, ESQ.
Nevada Bar No. 7341
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
fgalati@ocgas.com
Telephone: 702-384-4012
Facsimile: 702-383-0701
Attorneys for Defendants
CLARK COUNTY, DONALD
BURNETTE and TIMOTHY BURCH

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Bernadine Morimoto, as Personal Representative of the ESTATE OF ABYGAILE B., deceased; EMBER B., a minor, by and through material grandmother and legal guardian, Bernadine Morimoto; and KARRIAH M., a minor, by and through material grandmother and legal guardian, Bernadine Morimoto,<br><br>                Plaintiffs,<br><br>v.<br><br>RICHARD WHITLEY, Director of the Nevada Department of Health and Human Services; KELLY WOOLRIDGE, Administrator of the Nevada Division of Child and Family Services; DONALD BURNETTE, Clark County Manager; CLARK COUNTY; TIMOTHY BURCH, Director of Clark County Department of Family Services; JAMES HARDEE, individually; HOPELINK OF SOUTHERN NEVADA, a Nevada Non-Profit Corporation; SHERRY BENNETT, individually; JUSTIN TOM BENNETT, individually; DOES I-X, inclusive; ROES XI-XX, inclusive,<br><br>                Defendants. | CASE NO. 2:17-cv-1774-APG-GWF<br><br><br>**CONFIDENTIALITY STIPULATION AND ORDER** |

Law Offices of
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

1

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*a Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

1.    To the extent that relevant, non-privileged material contained in the records of the Clark County Department of Family Services ("CCDFS") may be discoverable in this action, the parties stipulate that this Court may find, and this Court does so find, that such material may be necessary for the determination of an issue before the Court and, therefore, may be disclosed to the Court and to attorneys representing the named parties to this action, provided that such disclosure occurs only in strict accordance with the terms of this Order.

2.    If a privilege is claimed as to documents or records sought in connection with this litigation, the procedures set forth in Local Rule 10-5 regarding in camera submission shall apply.

3.    The parties acknowledge, and the Court finds, that CCDFS information and material which are the subject of this Confidentiality Order, contain sensitive information that is generally protected from disclosure by Nevada statute and administrative code, and that all such information should be and hereby is deemed confidential and may not be discussed with or disclosed, either orally or in writing, to anyone, including but not limited to the news or publication media in any format, except in the strict accordance with the provisions of this Confidentiality Order. This Order does not apply to policies and procedures of CCDFS which are otherwise deemed public record pursuant to NRS 179A.110, NRS 29.010, NRS 432B.290(2) and NRS 432B.407.

4.    Information contained in CCDFS records which is deemed confidential pursuant to this Confidentiality Order, or pursuant to any subsequent Court Order in this matter, shall be used only for pretrial proceedings in this litigation, preparation for trial, the trial of this action, any post-trial proceedings and any appeal, subject to the terms of paragraphs 8 of this Order, and shall not be used for any other purpose.

5.    The parties may not disclose or discuss any confidential material or information produced pursuant to this Confidentiality Order to any person other than the United States District Court and Court personnel; Court reporters and stenographic reporters working in this matter; attorneys engaged in the prosecution and defense of this action including the regular staff of all such attorneys; the parties; experts and consultants retained by the parties for purposes of

this litigation; witnesses and their counsel at depositions or at any hearing or trial held herein or in connection with preparation therefore; employees of a party, expert or consultant to the extent reasonably deemed necessary by counsel for the purpose of assisting in the prosecution or defense of this action, and only on condition set forth in paragraph 6 below. The news or publication media, in any format, are *not* persons, entities, experts or consultants potentially entitled to disclosure under this paragraph.

6.    If a party provides any person other than a party, counsel for a party, or a direct employee of such counsel, access to information pursuant to paragraph 5 hereof, the providing party shall give a copy of this Order to the person given access to the information. The providing party shall then require the signature of the person given access to this information, on the Statement of Confidentiality attached hereto and made a part hereof as Exhibit A, prior to furnishing access to information covered by this Order. Such persons shall then be bound by this Order and shall not disclose the information to any persons not authorized under state or federal law or Order of this Court to receive such information. Copies of the executed Statement of Confidentiality shall be provided to all counsel to this action within five (5) business days of execution.

7.    Should any party or person to whom this Confidentiality Order applies wish to disclose any material derived from CCDFS records that are the subject of this Order to any person other than as described herein and specifically permitted by this Order, or for any purpose other than as set forth herein, such party or person shall, in writing, advise all counsel of the desired disclosure, including the proposed recipient of the desired disclosure, in writing.

a.    If any party objects to the proposed disclosure:

(1)    The objecting party shall set forth that objection, in writing, to all counsel, within eight (8) business days of that party's actual receipt of the written notice of intended disclosure, specifying therein the basis of the objection;

(2)    The party desiring disclosure shall then submit a motion to the Court for an Order Authorizing Disclosure of the specified material or information,

3

OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

or for an Order clarifying that the subject matter of the desired disclosure does not fall within the confidentiality protections of paragraph 3 of this Confidentiality Order;

(3)    The party desiring disclosure will treat all materials or information in accordance with the requirements of this Confidentiality Order during the pendency of such motions; and

(4)    Before seeking any relief from the Court under this paragraph, the parties will make a good faith effort to resolve any dispute concerning the confidential treatment of such material or information.

b.    If no party objects to the disclosure within eight (8) business days of that party's actual receipt of the written notice of desired disclosure, the party seeking to make the disclosure may proceed therewith.

8.    Any confidential material produced pursuant to this Confidentiality Order may only be filed with the Court and made part of the public record ***under seal***, and in all references filed with the Court or stated in open court, when referring to individual children and families, or other persons whose names or other identifying information is contained in CCDFS records; the parties shall use either initials or a pseudonym agreed to by the parties. The parties will comply with LR IA 10-4.

9.    Any violation of the terms of this Confidentiality Order may result in sanctions to be determined by the court upon motion, up to and including exclusion from evidence of material or information released or communicated in violation of this Confidentiality Order, and/or prosecution for violation of Nevada Revised Statutes 432B.290 and 179A.110.

10.    At the conclusion of this case, all discovery material made confidential pursuant to this confidentiality Order, or another Court Order, all documents reflecting such material, and all copies thereof (including without limitation, copies provided to testifying or consulting experts or consultants) shall be returned to the person or party that produced the confidential material, or, in the alternative, destroyed and certified in writing to the person or party that produced the confidential material to have been destroyed. Notwithstanding the foregoing,

4

counsel may retain, until the expiration of the statute of limitations applicable to attorney malpractice, including any period for which the statute may be tolled, one copy of the confidential material produced in this case and one copy of any attorney work product reflecting confidential material, provided that such records and attorney work product is prominently marked with the statement:

### CONFIDENTIAL

**This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of confidential discovery material.**

or some substantially similar statement. The provisions of this order shall continue to apply to all confidential materials not returned or destroyed in accordance with this paragraph. After the expiration of the statute of limitations applicable to attorney malpractice, including any period for which the statute may be tolled, counsel shall return or destroy all confidential records to counsel for Clark County in accordance with the terms of this paragraph.

11. This Confidentiality Order and the related Statements of Confidentiality executed hereunder, shall remain in force and effect in perpetuity and shall survive this litigation.

12. This order does not affect access to confidential information by individuals, including employees of Clark County or the State of Nevada, who are otherwise authorized under state law or regulation to have such access.

13. The parties acknowledge that the parties have stipulated to the terms of this Confidentiality Stipulation and Order, intending that it shall govern disclosures of material from the records of CCDFS, unless and until such time as the Court modifies this Order. Nothing contained herein is intended to limit the parties' access to the Court or their ability to seek to modify this Order.

//
//
//
//

//

Dated this 11th day of October, 2017.

CHRISTIANSEN LAW OFFICES

By: _____
    P Peter S. Christiansen, Esq.
    R. Todd Terry, Esq.
    Kendelee L. Works, Esq.
    Whitney J. Barrett, Esq.
    810 S. Casino Center Drive
    Las Vegas, NV 89101

    Attorneys for PLAINTIFFS

Dated this 10th day of October, 2017.

ATTORNEY GENERAL'S OFFICE

By: __/s/ Shannon C. Richards__
    Adam Paul Laxalt, Esq.
    Attorney General
    Shannon C. Richards, Esq.
    Deputy Attorney General
    555 E. Washington Ave., Ste. 3900
    Las Vegas, NV 89101
    Attorneys for Defendants
    RICHARD WHITLEY AND
    KELLY WOOLDRIDGE

Dated this 12th day of October, 2017.

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI

By: __/s/ Felicia Galati__
    Felicia Galati, Esq.
    9950 West Cheyenne Avenue
    Las Vegas, NV 89129
    Attorneys for Defendants
    CLARK COUNTY, DONALD
    BURNETTE AND TIMOTHY BURCH

Dated this 12th day of October, 2017.

SKANE WILCOX LLP

By: __/s/ Danielle A. Kolkoski__
    Elizabeth A. Skane, Esq.
    Danielle A. Kolkoski, Esq.
    1120 Town Center Drive, Ste. 200
    Las Vegas, NV 89144
    Attorneys for Defendants HOPELINK
    OF SOUTHERN NEVADA AND
    JAMES HARDEE

Law Offices of
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

6

**ORDER**

IT IS HEREBY ORDERED, ADJUDGED and DECREED that,

The records of the Clark County Department of Family Services ("CCDFS"), which may be discoverable in <u>Morimoto, et al. v. Whitley, et al.</u>, United States District Court Case No. 2:17-cv-01774-APG-GWF, are deemed confidential to this litigation, and may be released and disclosed only in accordance with the terms and provisions of the foregoing Stipulation, said terms and provisions being incorporated into this Order by this reference as though fully set forth herein.

IT IS SO ORDERED this 16th day of October, 2017.

_George Foley Jr._

UNITED STATES MAGISTRATE JUDGE

Submitted by:

OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI


By: /s/ Felicia Galati
_____
Felicia Galati, Esq.
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Attorneys for Defendants
CLARK COUNTY, DONALD BURNETTE
AND TIMOTHY BURCH

Law Offices of
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

*Law Offices of*
**OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

**Exhibit A**

<u>**STATEMENT OF CONFIDENTIALITY**</u>

By signing this document, I hereby certify that I have read the Confidentiality Order entered by the Court in <u>Morimoto, et al. v. Whitley, et al.</u>, United States District Court Case No. 2:17-cv-01774-APG-GWF, on _____, 2017. I understand this Order and agree to abide by its terms by not disclosing confidential information to anyone other than counsel, employees or clerical staff subject to this order, except as required by lawful judicial process.

_____          _____
Signature                                                      Date


_____
Print Name/Title

## ECF CERTIFICATION

I hereby attest that I have obtained concurrence regarding the filing of this document from each of the signatories within the e-filed document

Dated: 10/12/17 _____

_____
An Employee of OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI

Law Offices of
OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701